**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LYNN MELANCON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2455**<br>**C/W NO. 12-2761**<br>**C/W NO. 12-3051** |
| **GREAT SOUTHERN DREDGING, INC., ET AL.** | **SECTION "K"(2)** |

**This pleading pertains to 12-2761**

**ORDER AND REASONS**

Before the Court is a "Motion to Dismiss Pursuant to Rule 12(B)(1)" (Doc. 32) filed by Dudley Trosclair and Charlene Trosclair who are claimants in a limitation action styled *In the Matter of the Complaint of Great Southern Dredging, Inc.*, C.A. No. 12-2761, consolidated herein. This matter arises out of the M/V MISS DIANE, a 22 foot aluminum crewboat, alliding with a submerged iron channel beam which is claimed to have been negligently left in a waterway by Great Southern Dredging, Inc. ("Great Southern"). Movers have filed a personal injury suit in state court and seek the dismissal of this limitation suit based on their contention that the Court lacks subject matter jurisdiction over their claims because Southern Dredging failed to file the limitation within six months of notice of their claims. For the reasons that follow, the Court finds that the motion must be denied.

**Background**

Great Southern Dredging, Inc. and L & A Contracting Co. allegedly contracted with the United States to provide assistance for a shoreline stabilization or similar project for which they performed work in and around Bayou Perot in Jefferson and Lafourche Parishes. (Memorandum in Opposition, Doc. 38, Exhibit B, State Court Complaint of Dudley Trosclair

and Charlene Trosclair, ¶ VI ("Petition")). This work included the installation of metal H-beams. It is alleged that in February of 2011 an iron channel beam broke below the surface of the water and was left in a position not visible from the surface of the water to boaters. (Petition, ¶ VII). On December 29, 2011, Dudley Trosclair, ("Trosclair"), who was a welder with Louisiana Delta Marine, L.L.C. ("Delta Marine"), was aboard the M/V MISS DIANE, a crew boat chartered by Delta Marine and operated by a fellow employee. The MISS DIANE struck a submerged iron channel beam which allision allegedly caused serious injuries to Trosclair. (Petition, ¶ IX and X).

Counsel for the Trosclairs sent a letter to Ms. Amanda Phillips, President of Great Southern Dredging, Inc. on April 13, 2012. It references Dudley Trosclair, Jr. and in its entirety reads:

> I have the privilege of representing Dudley Trosclair, Jr. who was injured on December 29, 2011 when the vessel upon which he was a passenger hit a submerged piling on the Intercoastal (sic) Waterway in Jefferson Parish. The matter is presently being investigated by the United States Coast Guard. I have been informed that your company had contracted to remove pilings but had failed to remove the object that was involved in the allision in which my client was injured. At this time, I would appreciate greatly if you would have your company's attorney or a representative of your insurer contact me concerning this incident. Thank you.

(Doc. 32-3, Motion to Dismiss, Exhibit 2). No response to this letter was received.

Another letter was penned on May 29, 2012 which states:

> I wrote you on April 13, 2012 to advise that I represent Dudley Trosclair, Jr. who was injured on December 29, 2011 while a passenger on a vessel that hit a submerged piling on the Intercoastal (sic) Waterway in Jefferson Parish. As I advised on April 13th, my investigation revealed that your company had contracted to remove pilings that may have been involved in the allision in which my client was injured. I asked that your company's attorney or representative of your insurer contact me. I have not heard from anyone. Please give this your immediate attention. Thank you.

(Doc. 32-4, Motion to Dismiss, Exhibit 3). Eventually, Southern Dredging's insurer contacted counsel by phone on June 21, 2012 and July 18, 2012 during which any responsibility for the allision on the part of South Dredging was denied. Suit was filed by the Trosclairs in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana on November 2, 2012. On November 14, 2012, the instant Verified Complaint for Exoneration From or Limitation of Liability was filed. Southern Dredging seeks to limit its liability to $350,300.00, the value of the SPUD BARGE JPD-8110 and its freight, as Southern Dredging maintains that this vessel was the one conducting operations in Bayou Perot where the accident occurred.

**Law and Analysis**

Claimants procedurally invoked Fed. R. Civ. P. 12(b)(1) to dismiss this case for lack of subject matter jurisdiction. As stated in *Abdulaziz v. Sam Houston State University*, 2013 WL 1787779 (S.D. Tex. 2013) (Ellison, J.):

> Motions filed under Rule 12(b)(1) of the Federal Rules of Civil procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Red. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

*Id.* at *2.

Section 3511 of Title 46 of the United States Code sets for the requisites for an action by an owner of a vessel for limitation. Subsection (a) provides: "The owner of a vessel may bring a

civil action in a district court of the United States for limitation of liability under this chapter. The action must be brought within 6 months after a claimant gives the owner written notice of a claim. 46 U.S.C. § 30511(a). Rule F of the Federal Rules of Civil Procedure likewise provides a six month requirement stating, "Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court. . . ." Fed. R. Civ. P. F(1). The purpose of the six-month prescription on the limitation of liability petition is to require the shipowner to act promptly to gain the benefit of the statutory right to limit, and thus, if a petition is not filed within the six-month period, it is dismissed as untimely. *Exxon Shipping Co. v. Cailleteau*, 869 F.2d 843 (5th Cir. 1989).

The United States Court of Appeals for the Fifth Circuit in *In re Eckstein Marine Service, L.L.C.*, 672 F.3d 310 (5th Cir. 2012) noted that the six-month time line:

> is triggered only if and when the written notice reveals a 'reasonable possibility' that the claim will exceed the value of the vessel, and therefore that the vessel owner might benefit from the Limitation Act's protection. The rationale behind this was explained by the Second Circuit in *Complaint of Morania Barge No. 190, Inc.*, the First Circuit court decision to adopt the 'reasonable possibility' test, which noted that a vessel owner would otherwise be obligated 'to go to the expense of posting security and taking the other steps necessary to commence a limitation proceeding when the claimant's specific representations demonstrate that such a proceeding will be wholly unnecessary'. Whether a written notice reveals a 'reasonable possibility' that a claim will exceed the value of the vessel requires the court to engage in a fact -intensive inquiry into the circumstances of the case.

*Id.* at 317 (footnotes omitted). In addition, the written notice must inform the owner both of the "details of the incident" and "that the owner appeared to be responsible for the damage in question." *In the Matter of Oceanic Fleet, Inc.*, 807 F. Supp. 1261 (E.D.La. 1992) (Arceneaux, J.)

The claimants maintain that the two letters cited above provide sufficient notice to trigger the six-month period.  The Court finds to the contrary.  There are no facts that detail the incident and more importantly there is no information concerning Mr. Trosclair's injuries resulting therefrom.  From the cursory nature of these two letters, clearly there was nothing provided to Southern Dredging that would have reasonably alerted it to the possibility of the Trosclair's claim exceeding the value of the SPUD BARGE JPD-8110.   Indeed, even the location or the accident provided is incorrect; it apparently occurred in Bayou Perrot, not the Intra-Coastal Waterway.  As to a passing reference to a Coast Guard inquiry, again no details of that are included either.  In reality, after the Trosclairs' state court suit was filed on November 2, 2012, which provides detailed information concerning the accident and the severity of Mr. Trosclair's injuries, the instant limitation action was filed on November 14, 2012.

Claimants maintain that because of the number of claimants in this matter, even if the initial claim was clearly less than the value of the involved vessel, if Southern Dredging was aware of the existence of numerous claims arising out of the same occurrence that would exceed its vessel's value, the six month statue of limitations would have been triggered with respect to all claims.  *Hebert v. Exxon Corp.*, 674 F.Supp. 1234, 1236-37 (E.D.La. 1987).   While that statement of law may be correct, there is a dearth of evidence to support such a finding.

Clearly there were a number of passengers on the M/V MISS DIANE; however, only the two aforementioned letters have been presented to the Court as the trigger the six month period.  However, as noted the two letters are insufficient in terms of information to give notice of a reasonable possibility that the Trosclair claims will exceed the value of the vessel.  Moreover, there is no mention in those letters of other potential claimants.  Thus, the Court has no basis to

apply the *Hebert* case because there is no information in the record specifying when or if notice was given by the other claimants and whether any such notice specified the severity of any of their respective injuries. Accordingly,

**IT IS ORDERED** that Motion to Dismiss Pursuant to Rule 12(B)(1) (Doc. 32) filed by Dudley Trosclair and Charlene Trosclair is **DENIED.**

New Orleans, Louisiana, this 6th day of June, 2013.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**