## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

LYNN MELANCON, ET AL.                                    CIVIL ACTION

VERSUS                                                   NO.  12-2455
                                                         C/W NO. 12-2761
                                                         C/W NO.  12-3051

GREAT SOUTHERN DREDGING, INC., ET AL.                    SECTION "K"(2)

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Lack of Jurisdiction filed by Falcon Law

Firm, PLC and Timothy J. Falcon ("Falcon Intervenors").  They seek the dismissal of "the

attorney fee dispute between Falcon Plaintiffs and Joseph Waitz and the Waitz & Downer Law

Firm pursuant to Fed. R. Civ. 12(b)(6) for lack of subject matter jurisdiction.  Having reviewed

the pleadings, memoranda, and the relevant law, the Court finds no merit in the motion.

## Background

Michael and Monica Guidry ("the Guidrys") filed a claim in this consolidated action

seeking damages for injuries allegedly caused as a result of an allision between a crew boat and

submerged piling.[1]  Initially, the Guidrys were represented by the Falcon Intervenors who filed a

claim on their behalf on January 15, 2013.  However, the Guidrys discharged the Falcon

Intervenors who then sought to withdraw by motion on November 11, 2013 (Doc. 69) which

---

[1] *Lynn Melancon, George  Loupe, Jr., Dana Loupe, Anthony Fillinich, Nancy Fillinich and Louisiana Delta Oil Company, LLC v. Great Southern Dredging ,Inc., L&A Contracting Co. and United States of America,* C.A. No. 12-2455 was filed on October 5, 2012 (Doc. 1). On December 12, 2012,  *In re: The Matter of Great Southern Dredging, Inc.,* C.A. 12-2761, a limitation action ,was transferred to the undersigned and consolidated with the lowest numbered case. (Doc. 27).  Finally,  *Louisiana Workers Compensation Corp. v. Great Southern Dredging, Inc., L&A Contracting Company, Louisiana Delta Marine, L.L.C.,* C.A. 12-3051 was likewise transferred and consolidated on January 9, 2013.

motion was granted the same day. (Doc. 72).  Likewise on November 11, 2013, the Guidrys

sought to enroll and substitute Joseph L. Waitz, Jr. and Mary W. Riviere of the law firm of Waitz

and Downer (Doc. 68) which motion was granted on the same day. (Doc. 71).

     A voluntary mediation was held in the consolidated suits which included the Guidrys'

claims, and on July 18, 2014, a settlement agreement was reached between the Guidrys and all

defendants including Great Southern and the Louisiana Workers' Compensation Corporation

(hereinafter "LWCC").  The agreement provided that the terms of the settlement were to be

confidential.  Moreover, the agreement states, "The parties agree that this Settlement Agreement

is to be governed by the General Maritime Law, with jurisdiction exclusively within the United

States District Court for the Eastern District of Louisiana." (Doc. 104-3, ¶ 8 at Page 2 of 3).

     On July 22, 2014 (Doc. 88), the Court entered an Order of Dismissal which stated in

relevant part:

> The Court having been advised by counsel for the parties that all of the
> parties to this action have firmly agreed upon a compromise,
> **IT IS ORDERED** that this action be and it is hereby dismissed without
> costs and without prejudice to the right, upon good cause shown within 60 (sixty)
> days, to reopen the action or seek summary judgment enforcing the compromise if
> settlement is not consummated within a reasonable time.  The Court retains
> jurisdiction for all purposes, including enforcing the settlement agreement entered
> into by the parties.

While agreed to in principle, apparently the final documents were not executed until October 29,

2014.  For reasons that are not relevant to this inquiry, there was a substantial lapse of time in

having this settlement consummated which required the Court to extended the terms of this order

through December 15, 2014. (Doc. 101).   That Order specifically states:

> IT IS ORDERED that Plaintiffs/Limitation Claimants, Michael and
> Monica Guidry, be and are hereby granted an extension to Dec. 15, 2014 within
> which to consummate the settlement of this matter as agreed to between the

parties and/or to file appropriate documents if the settlement cannot be consummated to enforce the settlement and/or to reopen case.

After this settlement was reached but before the final settlement documents were executed, the Falcon Intervenors moved to intervene in this case and assert their statutory lien against the settlement funds on October 9, 2014.

Eventually, it was agreed among the parties to execute the settlement agreement prior to certain actions occurring that were required under the terms of the preliminary agreement. In anticipation of the October 29, 2014 signing thereof, Great Southern prepared a letter that stated it would retain the cash settlement funds pending those actions as well as the resolution of the intervention claim for attorney's fees. Those actions as noted have no bearing on the matter before the Court now.

On October 30, 2014, Ms. Riviere and Waitz & Downer requested that counsel for Great Southern to forward to them 100% of the cash portion of the settlement. As noted in Great Southern's Motion for Leave to Deposit Funds:

> As a result of a series of telephone calls and emails, and subject to a reservation of rights by Waitz & Downer, it was agreed between the parties that Great Southern would withhold a portion of the settlement representing the disputed contingency fee. Pursuant thereto, counsel for Great Southern arranged to transfer the remaining cash portion to the Trust Account of Waitz & Downer, as a partial payment of the settlement. Meanwhile, counsel for Great Southern retained in its Trust account the disputed fee portion to determine if the competing attorneys could settle their differences. Otherwise, Great Southern would move to deposit the remainder of the settlement funds into the Court and seek dismissal of Great Southern and other defendants from any further liability with prejudice.

(Doc. 106-1, Page 3 of 4).

On October 30, 2014, in the 24th Judicial District Court for the State of Louisiana, the Falcon Intervenors filed a lawsuit against Mr. and Mrs. Guidry and Waitz & Downer to enforce their contingent attorney fee contract, alleging a statutory lien for attorney's fees and expenses.

On October 31, 2014, the Falcon Intervenors moved to withdraw the intervention (Doc. 97).  The Guidrys filed an opposition to the intervention which stated:

> The case is already closed and a settlement agreed to.  The Court signed an order of dismissal on July 22, 2014 (Rec. Doc. No. 8, Case 2;12-cv-02761-SRD-JCW). The Federal Rules of Civil Procedure offer the Falcon Plaintiffs no remedy in this matter.  This motion for leave to intervene is untimely.

The Falcon Intervenors' Motion to Withdraw was granted on November 3, 2014. (Doc. 99).

On November, 17, 2014 , counsel for the Guidrys filed a Motion to Enforce Settlement (Doc. 104) actually seeking penalties, interest, attorney's fees, costs and/or sanctions because Great Southern's counsel refused to turn $680,000 of the Plaintiff's Settlement Funds which were apparently the amount considered earmarked as the attorneys' fee portion.  The Guidrys' counsel contended that because there was a hold harmless clause in the initial settlement agreement, Great Southern was without basis for withholding the funds from plaintiffs.

On November 18, 2014,  being fully advised of the competing interests in the corpus of the settlement funds still in its possession and the failure of the attorneys to reach a compromise, Great Southern filed a Motion for Leave to Deposit funds into the Registry of the Court and for Summary Judgment.  It did so to protect its interests and that of the other defendants and released parties (i.e. to conclude the litigation as to those parties), and so that the Court could make a final determination as to how these settlement funds should be distributed.  Moreover, Great Southern sought summary judgment so that it would be relieved of the burden of any further litigation.

On December 2, 2014, while the Court still had retained jurisdiction, the Falcon Intervenors again moved to intervene (Doc. 114)  in order to protect their claim to the settlement funds, which motion was granted on December 8, 2014.  (Doc. 122).  In the Intervention Complaint, at ¶ 19, the Falcon Plaintiffs stated that they had an intervention of right in this matter as they possess a statutory lien for attorneys' fees and expenses.  (Doc. 123)

On January 21, 2015, the Court conducted a telephonic status conference to discuss the then pending  Motion to Enforce Settlement (Doc. 104) and Motion for Leave to Deposit Funds into the Registry of the Court and for Summary Judgment (Doc. 106).  Based on the Court's retention of jurisdiction for all purposes, including enforcing the settlement agreement into which the parties entered and taking into account the statutory lien of the Falcon Intervenors as to a portion of the Guidrys settlement funds, the Court reopened this matter to resolve this dispute.  It granted Great Southern's Motion for Leave to Deposit Funds into the Registry of the Court and for Summary Judgment discharging all defendants from any further liability for the claim the Guidrys.  Moreover it denied the Guidrys' Motion to Enforce Settlement (Doc. 104) based on the Court's retained jurisdiction to enforce the terms of the settlement, the on-going fee dispute between Waitz & Downer and The Falcon Law Firm, APLC and Timothy J. Falcon, and the intervention filed by the Falcon parties.

The Court also then ordered the Falcon Intervenors to amend their intervention to allege with specificity the quantum meruit for services rendered and costs they claim they are due from Monica and Michael Guidry no later than February 11, 2015.  It also ordered the Guidrys to answer said Amended Intervention  no later than March 4, 2015.  Discovery on the attorney fee issue was ordered to take place from March 5, 2015 through March 19, 2015.  Moreover, the

Court ordered the attorneys to attempt to settle this matter before Magistrate Judge Shushan and ordered simultaneously memoranda concerning the resolution of this matter on April 20, 2015, with responses to be filed on April 27, 2015.

The subject motion to dismiss was then filed by the Falcon Intervenors on February 9, 2015.

**Analysis**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). However, the concept of ancillary jurisdiction allows a court "to function successfully, that is to manage its proceedings, vindicate its authority and effectuate its decrees." *Id.* at 380. Generally, when a district court dismisses a case based on the parties' settlement, the enforcement of the settlement agreement is for state courts, unless there is some independent bases for federal jurisdiction. *Id.* at 382.

However, the Supreme Court expressly held there are two limited exceptions for a federal court to adjudicate an issue arising from that settlement, one of which is present in the case at bar. Ancillary jurisdiction[2] is present where the order of dismissal contains language expressly retaining jurisdiction over the enforcement of the settlement agreement. *Id.* at 382. In the instant case, it is beyond cavil that the Order of Dismissal and those orders expressly extending

---

[2]The Court recognizes that the concepts of "ancillary" and "pendent" jurisdiction were "consolidated under the term of "pendent" jurisdiction with the amendment of 28 U.S.C. § 1367 in 1990. However, as recognized in Wright & Miller, *Federal Practice & Procedure*, §3534.2 (3d ed), "It seems clear that § 1367 does not apply to this form of ["ancillary enforcement" jurisdiction]. *Id.* Ancillary enforcement jurisdiction concerns a related proceeding technically separate from the initial case that invoked federal subject matter jurisdiction over which a court in certain circumstances may exercise ancillary jurisdiction.

the time for the final consummation of the settlement agreement contained language expressly retaining jurisdiction over this matter.

Thus, under the rationale in *Kokkonen,* the Court has jurisdiction over the enforcement of the settlement agreement at issue herein.  While indeed the dispute is between prior and current counsel for the Guidrys, the money or *res* involved was awarded *to the Guidrys* as claimants in a limitation suit that was before the Court.  The settlement documents specifically stated that the sole jurisdiction over the settlement rested with the United States District Court for the Eastern District of Louisiana.  The funds at issue are in the registry of the court upon the motion of Great Southern, another litigant and signatory to the settlement, who (1) was aware of a lien on the corpus and (2) was being threatened by the Guidrys with the filing of a Motion to Enforce Settlement (Doc. 104) wherein they sought penalties, interest, attorney's fees, costs and/or sanctions because Great Southern's counsel refused to turn $680,000 of the Plaintiff's settlement funds.  As such, the Court has jurisdiction over this matter.

Moreover, "there is a long tradition of sustaining jurisdiction to determine fees due an attorney dismissed by a client in a pending action."  *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981);  *Womack v. Dolgencorp., Inc.*, 957 F.Supp.2d 1350, 1353 (N.D. Ala. 2013) ("[t]he existence of an attorney's lien against a party's recovery in a lawsuit is part of the same case or controversy as the underlying lawsuit." citing *Moreno Farms, Inc. v. Tomato Thyme Cop.* 490 Fed. Appx.187, 188 (11th Cir. 2012);  *In re private Counsel Agreement*, 1999 WL 1022131, *5 and cases cited therein (E.D. Tex. Nov. 5, 1999).

The three cases upon which the Falcon Intervenors rely are all distinguishable from the instant matter.  In *Broughton v. Voss*, 634 F.2d 880 (5th Cir. 1981), the attorney fee dispute arose

in the context of the court conditioning withdrawal of counsel upon the resolution of a fee

dispute where the withdrawing attorney sought to be relieved of his duty of representation

because of the plaintiff's alleged failure to pay him and prior to the resolution of the underlying

suit.  After commenting on the long tradition of sustaining jurisdiction to determine fees due an

attorney dismissed by a client in a pending action, Judge Tjoflat, writing for the Fifth Circuit,

opined:

> We see a distinction, however, "between the case of a solicitor voluntarily
> withdrawing from a case and the case of a solicitor discharged by the client."  *The
> Flush*, 227 F. 24, 30 (2d Cir 1921)  In the former case, it is incumbent on the
> court to assure that the prosecution of the lawsuit before it is not disrupted by the
> withdrawal of counsel, and that the withdrawal of counsel is for good cause.
> [citations omitted].  This by itself is adequate to protect the interest of the parties
> before the court and assure fair treatment of the court's officer.  **If upon
> withdrawal, counsel is unable to secure payment for his services, the court
> may assume jurisdiction of a claim based on a charging lien over the
> proceeds of the lawsuit. . . .** that is not this case.  Here on its own initiative the
> court broached the subject of the reasonableness of fees.  All that was before the
> court, however, was the propriety of the motion to withdraw.  To stray from that
> issue was beyond the pale of existing jurisdiction, and thus must be a nullity.

*Id.* at 883 (emphasis added).  In this instance, there is a charging lien over the proceeds of the

lawsuit; the facts of this case are inapposite to the *Broughton* situation.

In *Tanguis v. M/V WESTCHESTER*, 2003 WL 21674473 (E.D.La. July 16, 2003)

(Zainey, J.), the court found that the conflict at issue did not involve an attorney-client fee

dispute as the claimants were dismissed with prejudice for failure to timely file their claims.

Specifically, the court noted the it would not exercise jurisdiction "to determine the rights to

settlement proceeds or attorney's fees involving claimants that have been dismissed with

prejudice from the underlying limitation proceeding prior to the conclusion of the limitation

proceeding." *Id.* at 2.   In a footnote, that court noted, "In dicta the *Broughten* court said the

situation would be different if there were suit proceeds.  In that case the court would have jurisdiction over the dispute because it may determine the rights to suit proceeds." *Id.* at n. 9. Indeed, it is precisely that–suit proceeds and the distribution thereof–that is at issue here.

Finally, in *Harrower v. National Railroad Passenger Corp.*, 2007 WL2156582 (W.D. La. June 7, 2007), two attorneys had entered into a joint venture agreement.  The attorney that first represented the plaintiffs contracted with a second attorney to serve as co-counsel. Plaintiffs discharged the first attorney.  After a partial settlement had been reached, the second attorney sought to resolve settlement of the fee issue and indicated that the disputed funds would be placed into the registry of the **state** court until the dispute was resolved.  The plaintiffs then filed a "Motion to Set Attorneys' Fees compelling the first attorney to appear before the court and provide documentation to support his lien for fees and expenses.  The first attorney filed suit in state court.

That court declined to exercise jurisdiction over the dispute as it was not a dispute between an attorney and a client but it was a dispute concerning a joint-venture contract between the two attorneys citing *The Law Offices of Daniel E. Becnel v. The John Arthur Eaves Law Firm*, 2001 WL 1426681 (E.D. La. Nov. 14, 2001).  Here, there is no contract between the Falcon Intervenors and the Guidrys' present counsel.  As such, this case is also inapplicable to the case at bar.

Thus, the Court finds that it will exercise ancillary jurisdiction as recognized in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)  over this dispute. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss for Lack of Jurisdiction filed by Falcon

Law Firm, PLC and Timothy J. Falcon ("Falcon Intervenors") (Doc. 132) is **DENIED**.

New Orleans, Louisiana, this 9th day of March, 2015.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**