UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LYNN MELANCON, ET AL.**                               CIVIL ACTION

**VERSUS**                                              NO. 12-2455
                                                        C/W NO. 12-2761
                                                        C/W NO. 12-3051

**GREAT SOUTHERN DREDGING, INC., ET AL.**               SECTION "K"(2)

## ORDER

Before the Court are:

1)  Defendants-in-Intervention's Motion to Strike (Doc. 142);

2)  Defendants-in -Intervention's Ex Parte Motion for Temporary Restraining Order, For a Preliminary Injunction, and to Enforce Stay (Doc. 147); and

3)  12(b)(6) Motion to Dismiss on Behalf of Waitz & Downer and Joseph L. Waitz, Jr. (Doc. 169).

Having reviewed these motions, memoranda and the relevant law, the Court finds no merit in them.

As previously noted by this Court in its Order and Reasons of March 9, 2015, (Doc. 151) denying a Motion to Dismiss for Lack of Jurisdiction filed by the Falcon Law Firm, PLC and Timothy J. Falcon, Michael and Monica Guidry ("the Guidrys") filed a claim in this consolidated action seeking damages for injuries allegedly caused as a result of an allision between a crew boat and submerged piling.[1]  Initially, the Guidrys were represented by the Falcon Intervenors

---

[1] *Lynn Melancon, George Loupe, Jr., Dana Loupe, Anthony Fillinich, Nancy Fillinich and Louisiana Delta Oil Company, LLC v. Great Southern Dredging ,Inc., L&A Contracting Co. and United States of America,* C.A. No. 12-2455 was filed on October 5, 2012 (Doc. 1). On December 12, 2012, *In re: The Matter of Great Southern Dredging, Inc.,* C.A. 12-2761, a limitation action ,was transferred to the undersigned and consolidated with the lowest numbered case. (Doc. 27).  Finally, *Louisiana Workers Compensation Corp. v. Great Southern Dredging, Inc., L&A Contracting Company, Louisiana Delta Marine, L.L.C.,* C.A. 12-3051 was likewise transferred and

who filed a claim on their behalf on January 15, 2013.  However, the Guidrys discharged the Falcon Intervenors who then sought to withdraw by motion on November 11, 2013 (Doc. 69) which motion was granted the same day. (Doc. 72).  Likewise on November 11, 2013, the Guidrys sought to enroll and substitute Joseph L. Waitz, Jr. and Mary W. Riviere of the law firm of Waitz and Downer (Doc. 68) which motion was granted on the same day. (Doc. 71).

The matter was settled at a mediation and the only remaining issue left before this Court concerns two competing law firms' and the plaintiffs' respective interest in that portion of settlement proceeds which were designated as attorneys' fees and which have been deposited into the Registry of the Court.  Obviously, the proper parties to this dispute are the attorneys involved, their law firms and the plaintiffs who have an interest in the deposited proceeds.

The **Defendants-in-Intervention's Motion to Strike (Doc. 142)** attempts to dismiss claims based on Fed. R. Civ. P. 12(f) which provides that a court may strike for a pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Paragraph 2(a) and (b) and 20 of the Intervention Complaint, as well as Paragraphs 5, 6, 7,8, and 9 of Intervenor's Amended Intervention Complaint do not meet this threshold.  These paragraphs contain the lynchpin of the Falcon parties' claims, and a motion to strike is an improper method to seek resolution of this matter.  Accordingly,

**IT IS ORDERED** that Defendants-in-Intervention's Motion to Strike (Doc. 142) is **DENIED.**

As to **Defendants-in -Intervention's Ex Parte Motion for Temporary Restraining Order, For a Preliminary Injunction, and to Enforce Stay** (Doc. 147), the Court has been

---

consolidated on January 9, 2013.

2

informed that the state court actions have been stayed pending the outcome of this dispute. Accordingly,

**IT IS FURTHER ORDERED** that **Defendants-in -Intervention's Ex parte Motion for Temporary Restraining Order, For a Preliminary Injunction, and to Enforce Stay (Doc. 147)** is **DENIED** as **MOOT**.

Finally, as to the **12(b)(6) Motion to Dismiss on Behalf of Joseph L. Waitz, Jr. and the law firm Waitz & Downer**, clearly these parties are the proper and necessary parties to resolve the fee dispute. *O'Rourke v. Cairns,* 683 So.2697 (La. 1996); *Saucier v. Hayes,* 373 So.2d 102 (La. 1979). Accordingly,

**IT IS FURTHER ORDERED** that 12(b)(6) Motion to Dismiss on Behalf of Waitz & Downer and Joseph L. Waitz, Jr. (Doc. 169) is **DENIED**.

New Orleans, Louisiana, this 7th day of May, 2015.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**